**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ELGINE FURLOW,**

              **Plaintiff,**

**-vs-**                                        **Case No. 6:11-cv-1749-Orl-22DAB**

**ORANGE COUNTY COURT JUDGE
ALAN S. APTE,**

              **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**    **October 24, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      Plaintiff Elgine Wilson Furlow (the "Plaintiff") filed a one-page, handwritten complaint (the "Complaint") apparently complaining of a charge and possibly a conviction for stealing a bike. Doc. No. 1. Plaintiff also filed a motion to proceed *in forma pauperis*.

      Plaintiff has a lengthy history of cases in this Court. On April 19, 2008, in *Furlow v. McClinton*, Case No. 6:07-cv-1996-Orl-31DAB, Doc. No. 19 (M.D. Fla. 2008), the Court stated the following:

> A review of this Court's records reveals that this is at least the tenth time Plaintiff has filed a non-meritorious law suit in federal court without paying a filing fee. This Court has "both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386-87 (11th Cir. 1993). Therefore, this Court has the power to permanently enjoin Plaintiff from filing or attempting to initiate any new lawsuit in any federal court in the United States without first obtaining leave of that federal court. *Id*. at 1387.

*Id.* at 2 (footnote omitted). The Court then entered the following injunction:

> 2. Until such time as this Court may order otherwise, Elgine Wilson Furlow and any individual or entity acting or purporting to act on his behalf are hereby ENJOINED from filing any complaint, claim for relief, suit, controversy, cause of action, grievance, writ, petition, accusation, charge, or any other similar instrument (collectively an "Action") in this Court **without first being granted leave by this Court to do so**;
>
> 3. Any Action Furlow . . . seeks to file must be preceded by a Motion for Leave to File addressed to this Court. The filing by Furlow of any Action without prior consent of this Court will be considered in violation of this injunction and will subject Furlow to the possibility of additional penalties, up to and including criminal contempt sanctions.

*Id.* (Doc. 19) at 2.

Notwithstanding the Injunction, Plaintiff filed a new Complaint unaccompanied by a Motion for Leave to File and without prior consent of this Court. The papers (Doc. 1-6), which are largely illegible and incomprehensible, appear to relate to either proceedings in state court, or matters that are otherwise not within the limited jurisdiction of this federal court. As Furlow has violated the terms of the Injunction by filing these complaints without seeking prior consent and a review of the papers does not establish a decipherable claim within the Court's jurisdiction in any event, it is recommended that the Court:

> 1) Dismiss the complaint with prejudice for violating the injunction;

2) DENY all pending Motions; and

3) Direct the Clerk to close the case and not to accept any further pleadings, motions, or other documents from Plaintiff in this case except as pursuant to the requirements set forth in Case No. 11-mc-108-Orl-31DAB.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 4, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy